## STATE OF OREGON,
*Respondent,*

*v.*

## CLIFFORD EARL LUCY,
*Appellant.*

(No. C 79-09-33309, CA 16762)

619 P2d 670

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Christian W. Van Dyke, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant was found guilty of robbery in the first degree, ORS 164.415, arising out of an incident on the night of September 19, 1979, when three men entered Stan's Market in northeast Portland, threatened the store clerk with a knife, tied him up in a back room and took $110 from the cash register. He assigns as error the trial court's failure to suppress evidence obtained from a search of his apartment several days after his arrest. We affirm.

Regardless of the admissibility of the physical evidence — principally items removed from a stolen getaway car, but including an alarm key for the market, there was other overwhelming evidence identifying defendant as one of the persons who robbed the store. Three eyewitnesses identified defendant in open court as a participant in the robbery. Each testified that the identification was based upon a recollection of the night of the robbery and not upon interim identification at the police lineup following defendant's illegal arrest. Todd Strode, the store clerk, had observed defendant in the store earlier in the evening for three to five minutes and testified he recognized him when he entered the store again. He was close enough to him "to fight," he said, during the time it took defendant to grab him, hold the knife to his throat, take him into the back room and tie him up, a time he estimated to be about 30 seconds. He was able to describe him, in reporting the crime to the store's assistant manager, as a black man with a large scar on his neck. Mrs. Eoff, a customer, testified she was very close to defendant, close enough to touch him, that she was in the store with him for several minutes, and conversed with him face-to-face for "a few seconds." She testified the store was very small and "well lit." Mr. Eoff saw the defendant more briefly, at a distance of perhaps six feet, but testified he "looked him right in the eye and said hello." The in-court identifications were stipulated to at trial. The out-of-court identifications were not challenged.

Any error in the failure to suppress the physical evidence was harmless beyond a reasonable doubt. *Chapman v. California,* 386 US 18, 24, 87 S Ct 824, 828, 17 L Ed 2d 705 (1967). The verdict is affirmed.

Affirmed.